IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CAREY AND RYAN PRATHER,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | CV 15–163–M–DLC<br><br>ORDER |

Before the Court is Defendant Bank of America, N.A.'s ("BANA") motion for summary judgment. For the reasons explained below, the Court grants the motion.

## BACKGROUND

In the spring of 2008, Plaintiffs Ryan and Carey Prather (the "Prathers") bought a home in Frenchtown, Montana ("Property"). To finance their purchase, the Prathers entered into a mortgage loan with Countrywide Bank, FSB. The Prathers borrowed $243,079.00 from Countrywide Bank, FSB, executing a promissory note ("Note") and a Deed of Trust ("Deed"). Shortly after closing, Countrywide Bank, FSB, assigned the Note to BANA.

During BANA's servicing of the loan, the Prathers defaulted by failing to

-1-

make a mortgage payment between August 23, 2013 and October 21, 2013. BANA continued to service the Prather's loan until the loan was paid off in November 2016.

From 2013 through 2015, a BANA property inspector visited the Property to conduct inspections. Although the inspector took pictures of the exterior of the Prathers' home, he never entered or attempted to enter the home or garage. On occasion, the inspector would walk to the front door and leave a door hangar. The exterior of the home is highly visible and "there isn't a whole lot" of privacy. (Doc. 45 at 5.) The Prathers have not posted any signage or otherwise restricted the ability of delivery drivers, postal workers, or other service providers from entering onto the Property.

On Decemeber 14, 2015, the Prathers filed suit in this Court alleging BANA's misconduct during the servicing of the Prathers' home loan. BANA moved to dismiss and the Court granted the motion in part. Prathers' claims for trespass and invasion of privacy are the only surviving claims.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of

informing the Court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The movant's burden is satisfied when the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (internal quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

## DISCUSSION

A federal court sitting in diversity applies the substantive law of the forum state to state law claims. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). Because, the Prathers' claims are premised on state law, the Court decides this motion pursuant to Montana law.

## I. Trespass

BANA moves for summary judgment on the Prathers' trespass claim arguing that BANA, pursuant to the Deed, had a legal right to enter the Property once the Prathers defaulted on their loan in October 2013. The Prathers counter that the clause in the Deed allowing BANA to enter the Property is void because it conflicts with 24 C.F.R. § 203.377.

Specifically, the Prathers' claim that BANA violated the Housing and Urban Development ("HUD") regulation 24 C.F.R. § 203.377, which would supersede any contractual right BANA had in the Deed. BANA argues that under the National Housing Act, 12 U.S.C. § 1701, *et seq.*, there is no private right of action available to a mortgagor for a mortgagee's noncompliance. The Court agrees with BANA.

"The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 834 (9th Cir. 2004). By its structure, the National Housing Act "govern[s] relations between the mortgagee and the government, and give[s] the mortgagor no claim for duty owed or for the mortgagee's failure to follow" the statute or its implementing regulations. *Mitchell v. Chase Home Finance LLC*, 2008 WL 623395, at *3 (N.D.

Tex. 2008). Consequently, courts have held that the National Housing Act generally does not contain a private right of action. *See City of Rohnert Park v. Harris*, 601 F.2d 1040, 1046–47 (9th Cir. 1979); *Inman v. Suntrust Mortg., Inc.*, 2010 WL 3516309, *2 (E.D. Cal. 2010); *Gaitan v. Mortg. Elec. Reg. Sys.*, 2009 WL 3244729, *9 (C.D. Cal. 2009); *Saratoga Sav. & Loan Ass'n v. Fed. Home Loan Bank of San Francisco*, 724 F.Supp. 683, 690 (N.D. Cal. 1989). The provision asserted by the Prathers is no exception. Thus, it is improper for the Prathers to base their claim of trespass on a HUD violation rather than the contractual obligation found in the Deed. Based upon this case law, the Court concludes that the Deed is not superseded by the HUD regulations.

Next, BANA argues that the Prathers' claim for trespass fails as a matter of law because the Deed explicitly allows for trespass if the homeowner is in default. In Montana, "one is subject to liability to another for trespass . . . if he intentionally (a) enters land in possession of the other, or causes a thing or third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove." *Martin v. Artis*, 290 P.3d 687, 691 (Mont. 2012) (citing *Branstetter v. Beaumont Supper Club*, 727 P.2d 933, 935 (1986) (quoting Restatement (Second) of Torts § 158 (1965)). Restated, Montana "defines a trespass as an intrusion on a party's right to exclusive possession of her property."

*Burley v. Burlington Northern & Santa Fe Ry. Co.*, 273 P.3d 825, 828 (Mont. 2012). A homeowner may not have exclusive possession over their property if a mortgage servicer is expressly authorized to enter onto a homeowner's property upon breach of a promissory note or deed of trust. *Paatalo v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 2505742, *10 (D. Mont. 2012).

Here, BANA does not deny that its agents entered the Prathers' Property but rather argues that the Prathers lacked exclusive possession after the Deed was breached. The Deed grants BANA a contractual right to enter and inspect the Prathers' property if it is vacant or abandoned or the loan is in default. (Doc. 42-2 at 12.) The Prathers have admitted that they missed a payment and were in default beginning in October 2013. (Doc. 45 at 3, ¶ 6.) There no longer exists a dispute as to whether the Prathers defaulted on their loan at the time BANA entered the Property. Therefore, as articulated in *Paatalo*, because there is no dispute of fact that the loan was in default at the time BANA's agents entered onto the property, the Court finds that as matter of law, BANA is entitled to summary judgment on the Prathers' claim for trespass.

## II. Intrusion upon Seclusion

The Prathers' claim argues that BANA tortiously intruded upon their privacy. The Prathers argue that under the Montana Constitution they had an

objectively reasonable expectation of privacy in their home and the curtilage outside the home. Further, the Prathers' claim that when the inspectors would take photos or place door hangars on their home it caused them distress, anxiety and loss of sleep.

The Prathers rely heavily upon *State v. Bullock* to show that they had a reasonable expectation of privacy in the curtilage around their home. In *State v. Bullock*, the Montana Supreme Court extended Montana's constitutional right to privacy to the curtilage around a home if reasonable steps were taken to express a expectation of privacy. 901 P.2d 61 (Mont. 1995). However, "the privacy section of the Montana Constitution contemplates privacy invasion by state action only." *State v. Long*, 700 P.2d 153, 157 (Mont. 1985). Because the Prathers sued BANA and not the State, they cannot invoke a constitutional claim for violation of privacy. Therefore, the Court does not address whether the Prathers' expectation of privacy in the curtilage was reasonable because these cases apply a constitutional right to privacy rather than a common law claim for intrusion upon seclusion, which, upon a liberal reading of the Complaint, is the appropriate claim in this case.

Montana has defined the common law cause of action for intrusion upon seclusion as a "wrongful intrusion into one's private activities in such a manner as

-7-

to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Deserly v. Dept. of Corrections*, 995 P.2d 972, 977 (Mont. 2000) (citations omitted). "To prevail on the tort of intrusion upon seclusion, a plaintiff must show: (a) an actual, subjective expectation of seclusion or solitude, and (b) that the expectation was objectively reasonable" *Mortensen v. Bresnan Commun.*, 2010 WL 5140454, *5 (D. Mont 2010) (citations omitted). For example, "[p]hone tapping of private, confidential conversations constitutes a wrongful intrusion into one's private activities in a manner likely to cause outrage, mental suffering, shame, or humiliation to an ordinary person." *Rucinsky v. Hentchel*, 881 P.2d 616, 618 (Mont. 1994).

Montana has not recognized this common law tort to include intrusion upon land in public view. *Rucinsky v. Hentchel*, 881 P.2d 616 (Mont. 1994) (phone tapping private conversations constitutes a wrongful intrusion); *Miller v. Great Falls Athletic Club*, LLC, 2012 WL 3122633 (Mont. 2010) (photographing persons exercising at a membership fitness facility does not constitute a wrongful intrusion upon a private activity); *Sistok v. Northwestern Tel. Systems, Inc.*, 615 P.2d 176 (Mont. 1980) (recognizing the common law action for invasion of privacy to the field of telecommunications); *Deering v. CenturyTel, Inc.*, 2011 WL 1842859 (D. Mont. 2011) (collection of customers' internet communications does

not constitute wrongful intrusion if the customer consented); *Mortensen v. Bresnan Communications, L.L.C.*, 2010 WL 5140454 (D. Mont. 2010) (stating that individuals may not reasonably expect privacy in electronic transmissions over the internet given that notice was provided); *State Bd. of Dentistry v. Kandarian*, 886 P.2d 954 (Mont. 1994) (attempt to obtain a list of patients does not constitute a common law claim for invasion of privacy). Notably, none of the above cases involve intrusion upon secluded land, rather they involve an individual's private communications or activities.

The Restatement is instructive on what may constitute as a wrongful intrusion upon seclusion. The Restatement (Second) of Torts provides that:

> The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires. It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents.

Restatement (Second) of Torts § 652B cmt. B. The Restatement continues by stating, "Nor is there liability for observing him or even taking his photograph

-9-

while he is walking on the public highway, since he is not then in seclusion, and his appearance is public and open to the public eye." *Id.* at cmt C. It is clear from the facts that BANA's entry upon the Property did not intrude into the Prathers' private activities. The Prathers thus fail to show that they had any expectation of seclusion in the open, apparent and freely accessible area of their Property.

Further, the tort of intrusion upon seclusion requires some form of concealment from the public. BANA was taking photos of the exterior of their home, which was freely accessible and viewable to the public. Although the Prathers' felt this was an invasion of their privacy, the exterior of their home cannot be considered a secluded area because it is in public view. The Prathers' own testimony clearly states that the exterior of their Property is high visible from the public street and that there is very little privacy in their cul-de-sac. Therefore, the Prathers' Property is not secluded from the public. Further, any photos taken of the Prathers were taken while the family members were in their yard, well within public view. BANA never entered the home or had their inspector take photos of inside their home, which may be considered an intrusion into a secluded area. Thus, the Prathers can not satisfy the requirement of seclusion. Therefore, the Prathers' claim for intrusion upon seclusion is not applicable as a matter of law. BANA is entitled to summary judgment on the Prathers' claim for intrusion

upon seclusion.

Accordingly, IT IS ORDERED that Defendant's motion for Summary Judgment (Doc. 41) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine (Doc. 47) is DENIED AS MOOT.

This case is CLOSED.

Dated this 9th day of May, 2017.

Dana L. Christensen, Chief Judge
United States District Court